**O**

**JS-6**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| LAUREL DICKRANIAN, | CASE NO. CV 12-5145-ODW (SSx) |
| Plaintiff, | |
| vs. | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [8] |
| CITY OF LOS ANGELES, et al., | |
| Defendants. | |

I. INTRODUCTION

Laurel Dickranian ("Plaintiff") challenges the constitutionality of certain sections of the Los Angeles City Charter and Los Angeles Municipal Code ("LAMC"). Specifically, Plaintiff challenges these provisions of the City of Los Angeles' independent-expenditure disclosure laws: (1) LAMC section 49.7.11(C) ("the literature filing requirements"); (2) LAMC sections 49.7.26(A) and (B) ("the reporting requirements"); and (3) Charter section 470(l) and LAMC section 49.7.28 ("the disclaimer requirements"). (Opp'n at 2.)

Defendants explain that the "disclosure and disclaimer requirements contained in these laws compel a committee (which can be an individual under state law) making independent expenditures to file a disclosure report, along with an exact copy of the

communication with the City Ethics Commission." (Mot at 3–4 ("The requirements also mandate the campaign communication to include 'paid for by' identification information and whether the communication was authorized by the candidate.")).

Defendants now move to dismiss this action, arguing the "campaign disclosure laws that Plaintiff seeks to evade have been repeatedly upheld as constitutional, surviving and flourishing even in the most recent review by the United States Supreme Court." (Mot. at 2 ("The disclosure rules serve important public interests in educating the electorate.").) The **September 24, 2012** hearing date on this motion is hereby **VACATED** and, for the reasons discussed below, Defendants' motion is **GRANTED.**

II.   FACTS [1]

In February 2009, Ms. Dickranian wrote and distributed [more than 17,000] one-page letter[s] in support of then-candidate for City Attorney, Michael Amerian. (Complaint ¶ 18.) She paid for the printing, reproduction, and mailing entirely from her own funds, acting entirely independently of any candidate or committee. (*See id.* ¶¶ 19–20.) Moreover, she only distributed it to a distinct ethnic religious group. (*See id.* ¶ 18.)

Soon after, the Ethics Commission opened an investigation into the matter. (*See id.* ¶ 20.) Next, when Ms. Dickranian refused a stipulated settlement, including an admission of liability and a fine of $13,707.55, the Ethics Commission concluded its investigation and formally accused Ms. Dickranian of three counts of violating various sections of the Charter and the LAMC. (*Id.* ¶¶ 22–23 & Ex. A.) Over a year later, without explanation, the Ethics Commission dismissed the charges with prejudice. (*See id.* ¶¶ 25–27.)

"Ms. Dickranian thus [claims she] suffered actual injury from the unconstitutional prosecution, and her civil rights continue to be under threat of unconstitutional enforcement

---

[1] These facts are culled from Plaintiff's Opposition to this Motion and reflect Plaintiff's Complaint.

2

1  actions initiated by the City Ethics Commission. Accordingly, the Complaint alleges
2  infringement and threatened infringement of Ms. Dickranian's First and Fourteenth
3  Amendment rights and seeks relief pursuant to 42 U.S.C. § 1983." (Opp'n at 2.)

4  III.  DISCUSSION

5  Rather than discuss all arguments advanced in the parties' papers, the Court agrees
6  with Defendants that "the Complaint should be dismissed summarily." (Reply at 2.) As
7  aptly summarized by the Ninth Circuit, and relayed by Defendants:

> Providing information to the electorate is vital to the efficient functioning of
> the marketplace of ideas, and thus to advancing the democratic objectives
> underlying the First Amendment. As the Supreme Court explained in *Buckley*
> [*v. Valeo*, 424 U.S. 1 (1976)] 'in a republic where the people are sovereign,
> the ability of the citizenry to make informed choices among candidates for
> office is essential.' *Buckley*, 424 U.S. at 14–15; *see also McConnell*, 540 U.S.
> at 197 (recognizing the 'First Amendment interests of individual citizens
> seeking to make informed choices in the political marketplace' (quoting
> *McConnell v. FEC*, 251 F. Supp. 2d 176, 237 (D.D.C. 2003)). Thus, by
> revealing information about the contributors to . . . public discourse and
> debate, disclosure laws help ensure that voters have the facts they need to
> evaluate the various messages competing for their attention."

(Reply at 2–3 (quoting *Human Life of Wash, Inc. v. Brumsickle*, 624 F.3d 990, 1005, 1013 (9th Cir. 2010)); *see also Citizens United v. Fed. Election Comm'n*, 130 S. Ct. 876 (2010) (applying exacting scrutiny and upholding disclosure and disclaimer requirements for electioneering communications); *Alaska Right to Life Comm. v. Miles*, 441 F.3d 773, 793 (9th Cir. 2006) (upholding electioneering reporting requirements and concluding "[i]ndividual citizens seeking to make informed choices in the political marketplace . . . need to know what entity is funding a communication").

/ / /

3

1  / / /

2

3     Accordingly, and for all those reasons discussed in Defendants' moving and reply
4  papers, Defendants' motion to dismiss is **GRANTED WITH PREJUDICE**.

5

6     **SO ORDERED**
7     September 12, 2012

8
9                              _____
10                                  OTIS D. WRIGHT, II
11                              UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28